BORTZ *v.* NORRIS.

1. APPEAL AND ERROR—DISMISSAL OF BILL.

   In reviewing decree dismissing plaintiff's bill of complaint on defendant's motion, allegations of material facts contained in bill must be accepted as true.

2. MINES AND MINERALS—LEASES CONSTRUED MOST STRICTLY AGAINST LESSEE.

   Oil and gas lease, terms of which are uncertain, indefinite, and conflicting, should be most strictly construed against lessee and in favor of lessor.

3. SAME—LEASE PROVIDED BY LESSEE CONSTRUED MOST STRICTLY AGAINST HIM.

   Oil and gas lease executed on prepared form, in which lessee's name is printed, and which was obviously provided by lessee, should be most strictly construed against lessee.

4. SAME—NOMINAL CONSIDERATION—LEASE EXPIRES UNLESS WELL DRILLED WITHIN FIXED TERM.

   Oil and gas lease giving lessee exclusive right of drilling and operating for fixed term of five years for nominal consideration of $1 should be construed to require drilling of test well within reasonable time, and, in any event, within five-year period, and, on failure to do so, lease expires by its own provisions.

5. SAME—LEASE NOT EXTENDED BY PAYMENT WITHOUT DEVELOPMENT WITHIN FIXED TERM.

   Oil and gas lease giving lessee exclusive right of drilling and operating for fixed term of five years for nominal consideration of $1 with option of renewal obviously contemplates development, and therefore payment of nominal sum for extension without development within fixed term will not extend lease.

6. SAME—FACT OF WHICH LESSEE HAD NO NOTICE NO EXCUSE FOR FAILURE TO DEVELOP.

   Where lessee with exclusive right of drilling and operating for oil and gas for fixed term of five years had no knowledge

---

As to effect of provision in oil or gas lease for extension of term so long as oil or gas is produced, see annotation in 43 L. R. A. (N. S.) 848.

that second lease to other parties was executed five days before expiration of said period until after its expiration, his claim that he was prevented, or at least excused, from undertaking to operate under his lease by reason of giving of second lease, is without merit.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 11, 1929. (Docket No. 43, Calendar No. 34,273.) Decided October 7, 1929.

Bill by S. E. Bortz against Pearl Norris and others to restrain operation under a so-called "top lease" of oil and gas rights. From a decree dismissing bill, plaintiff appeals. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Cross, Foote & Sessions* and *MacDonald & Mac-Donald,* for defendants.

NORTH, C. J. An appeal has been taken from a decree dismissing the bill of complaint by which the plaintiff, who held an oil and gas lease on the premises involved, seeks to restrain the defendants from operating under a lease subsequently executed and also cancellation of such lease.

Plaintiff's lease was entered into August 14, 1923. The lessors, Jacob B. and Ida Lewis, were the parents of the defendant Pearl Norris, who inherited the premises subsequent to the date of plaintiff's lease. The other individual defendants are asserting rights as assignees under the lessee named in a "top lease" given by Pearl Norris, August 9, 1928. The Gray Well Drilling Company has contracted to drill a well for gas and oil upon the leased land. The plaintiff claims that the "top lease" is in violation of his rights under the first lease, and that he is

prevented from developing the property by the defendants. But the defendants assert that plaintiff's lease had expired by its own terms before the bill of complaint herein was filed. The question thus presented must be determined by a proper construction of plaintiff's lease.

Stated in abbreviated form, the material portions of plaintiff's lease are as follows:

First parties hereby let and lease to second party * * * with exclusive right of drilling and operating for petroleum oil and gas * * * the described 20 acres. "It is agreed that the test well will be drilled on the south half of the 20 acres."

Provided, if default shall be made by second party on any of the covenants herein contained, the first party may repossess said premises, etc.

Second party does hereby hire said premises and promises to pay for rent of said premises as follows:

1. "Until the completion of a well producing oil or gas in sufficient quantities to utilize, the sum of $1.00," the receipt of which is hereby acknowledged.

2. After completion of such a well, one barrel a day of every eight barrels of petroleum oil obtained or produced on or from said premises. * * *

3. Should any well not produce oil but produce gas and the gas therefrom be sold off the premises, the rental shall be $100 per annum for each well.

A payment of rentals to said first party by a check made payable to the order of lessors and mailed to Muskegon to R. F. No. 8 shall be sufficient payment for any rentals provided for in this agreement. The failure of said second party to make payments of rentals as provided for will render this agreement null and void. * * *

The lessee may at any time surrender this lease upon written notice to lessor and paying all sums due up to that time, and after such surrender the lessee shall have no further liability hereunder.

"It is expressly agreed that the lease shall run for a period of five years and after that time it may be continued at the option of the second parties for a period of up to 94 years upon payment of 15 cents per acre per year."

In reviewing the decree which dismissed plaintiff's bill of complaint on defendants' motion, the allegations of material facts contained in the bill must be accepted as true. If the bill fails to present facts which entitle plaintiff to equitable relief, the decree of dismissal was properly rendered; but not so if the facts alleged entitle plaintiff to relief sought. The lease, which is made a part of the bill of complaint, is poorly drawn. Its terms are uncertain, indefinite, and conflicting; especially under the construction sought by the appellant. It is well settled that leases of this character should be most strictly construed against the lessee and in favor of the lessor. *J. J. Fagan & Co.* v. *Burns,* 247 Mich. 674; 18 R. C. L. p. 1214. See, also, opinion handed down herewith in *Concord Oil & Gas Co.* v. *Thompson, ante,* 230. The files in this case disclose that the lease was executed on a prepared form, in which the lessee's name is printed and which was obviously provided by the lessee. On this account also it should be most strictly construed against the lessee. The form of this printed lease is one that obviously contemplates development, and which (aside from a nominal consideration) would otherwise provide nothing of value moving to the lessors in consideration of their giving the lessee the exclusive right for a term of years to develop the oil and gas resources of the leased premises. Plaintiff did nothing toward developing this property within the fixed 5-year term of the lease.

Under the established rules of construction, the

interpretation that should be put upon this lease is that a fixed term of five years was contemplated by the parties within which it was understood the lessee should drill a test well on the leased property; that the nominal consideration of $1 was agreed upon in contemplation of the lessee drilling such test well within a reasonable time and in any event within the fixed period of five years named in the lease. This was not done; and the lease expired by its own provisions.

Though not alleged in the bill of complaint, the briefs filed proceed on the assumption that plaintiff attempted to pay the amount specified in the clause of the lease last above quoted for one year's extension thereunder by mailing a check therefor to Jacob B. Lewis, R. F. No. 8, Muskegon, Michigan. Plaintiff's contention that this extended the term of his lease for one year is denied by the defendants. There is no claim that the attempted payment was received and accepted by the lessor, but because of the construction we placed upon the lease this is of little importance. Under a lease of this type payment without development within the fixed term will not extend the lease.

As noted above, plaintiff's lease first specified a fixed term of five years, and while it does not expressly so provide, we hold that it fairly appears from this lease that the parties intended and a fair construction of the lease under the rules applicable thereto should require the lessee to at least begin operations within the 5-year term.

Relative to the rule of construction herein adopted as to this class of leases, it is said in 18 R. C. L. p. 1214:

"But in many jurisdictions a different rule of construction obtains as to oil and gas leases from that

applied to ordinary leases or to other mining leases; and owing to the peculiar nature of the mineral, and the danger of loss to the owner from drainage by surrounding wells, such leases are construed most strongly against the lessee and in favor of the lessor. (Citing many cases.) The object of this rule is to promote development and prevent delay and unproductiveness, and this is regarded as the real intent of the lessor, even if there is no express clause of forfeiture.''

''Where the continuance of a lease or contract giving the exclusive right to explore for and produce oil or gas beyond a definite term is contingent upon finding oil or gas in paying quantities, and the payment to the lessor, in such case, of his share of the oil produced, or a stipulated sum for each well from which gas is taken and sold, the finding and production of oil or gas within the specific term of the lease or contract is primarily essential to the extension thereof. Hence the authorities are agreed that the right further to explore or develop expires where oil or gas is not, within this period, found and produced in paying quantities.'' Note to *South Penn Oil Co.* v. *Snodgrass,* 71 W. Va. 438 (76 S. E. 961), as reported in 43 L. R. A. (N. S.) 848, in which the authorities are collected.

Under the topic ''Non-development of leased premises where no limit is fixed,'' it is stated in Thornton's Law of Oil and Gas:

''It is the duty of the lessee to develop the premises within a reasonable time; and he cannot hold the land for speculative purposes indefinitely, or even for a stated period, for a nominal rent, when a royalty is the chief object for the execution of the lease.'' 1 Thornton's Law of Oil and Gas (4th Ed.), § 141. Citing many cases.

We find no merit in appellant's contention that he was prevented, or at least was excused, from under-

taking to operate under his lease by the giving of the "top lease" and the adverse claims of the defendants. The second lease was executed August 9, 1928, only five days before plaintiff's 5-year term expired. The second lease was not recorded until the day plaintiff's lease terminated; and there is no allegation in the bill, nor is the claim made that plaintiff had any knowledge whatever of the latter lease until after the 5-year term provided in his own had ended.

We find nothing in this record which should move a court of equity to grant relief to the plaintiff. The decree entered in the lower court is affirmed, with costs to the appellees.

FEAD, WIEST, POTTER, and SHARPE, JJ., concurred. CLARK and McDONALD, JJ., did not sit. The late Justice FELLOWS took no part in this decision.